IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES DEDUAN ANTHONY, § <br> # 2223552 § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR, TDCJ-CID § <br> § <br> Respondent. § | No. 3:23-cv-2868-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Texas prisoner James Deduan Anthony filed an amended *pro se* petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for possession of a controlled substance and aggravated robbery. ECF No. 5.[1] As explained below, Anthony's amended federal habeas petition is a successive petition over which the Court lacks jurisdiction.[2] Therefore, it should be transferred to the United States Fifth Circuit Court of Appeals for appropriate action.

---

[1] Pursuant to 28 U.S.C. § 636(b) and a standing order of reference, this case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate.

[2] Anthony filed an amended habeas petition in response to a notice and order of deficiency. ECF No. 4. Because the amended petition does not refer to or adopt or incorporate by reference the original petition, it supersedes it and is the operative pleading in this matter. *See Canal Ins. v. Coleman*, 625 F.3d 244, 246 n. 2 (5th Cir. 2010).

**Background**

Anthony pleaded guilty to possession of a controlled substance and aggravated robbery, and the court placed him on deferred adjudication community supervision for ten years. *See Anthony v. Dir., TDCJ-CID*, 2021 WL 2517694, at *1 (N.D. Tex. Feb. 8, 2021), *rec. accepted and COA denied*, 2021 WL 2516682 (N.D. Tex. June 18, 2021). In 2018, the state court adjudicated Anthony's guilt, found him guilty, and sentenced him to 25 years of imprisonment on each conviction, with the sentences to run concurrently. *See id.*

In 2021, this Court denied Anthony's initial federal habeas petition challenging the 2018 convictions. *See id.* He subsequently filed two other federal habeas petitions attacking the 2018 convictions, both of which were transferred to the Fifth Circuit as successive petitions. *See Anthony v. Dir., TDCJ-CID*, No. 3:21-cv-01571-C-BN; *Anthony v. Dir., TDCJ-CID*, No. 3:21-cv-1570-S-BN.

He returns to federal court with a fourth federal habeas petition challenging his 2018 convictions. ECF Nos. 3, 5.

**Legal Standards and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances in which a state prisoner may file a second or successive application for habeas relief in federal court. To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, could establish by clear and convincing evidence that no reasonable fact finder would have found him

2

guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is considered successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). But a second petition is not successive when the first petition was dismissed because of prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In Anthony's case, the Court denied his initial habeas application because he procedurally defaulted his claims or, in the alternative, because they were meritless. *See Anthony*, 2021 WL 2517694, at *5-6. That type of "full merits analysis in the alternative is a merits determination" for habeas purposes. *Will v. Lumpkin*, 978 F.3d 933, 939 (5th Cir. 2020).

Anthony could have presented the claim he is making here—that his community supervision should not have been revoked because he did not violate its terms—in his initial federal habeas proceeding. In fact, he made similar claims in that proceeding. *See id.* at *4 ("Anthony appears to urge: (1) that no rational

3

juror could have found him guilty of the new offenses alleged in the motion to revoke community supervision and adjudicate guilt . . . (2) that he pleaded 'not true' to the allegations in the motion to revoke community supervision and adjudicate guilt and (3) that the two offenses alleged in the motion to revoke community supervision and adjudicate guilt were subsequently dismissed and therefore not true.").

Because Anthony raises claims that could and should have been raised in his initial petition, which was denied on the merits, his pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Anthony's successive petition. Anthony must obtain such an order before he may file another petition for habeas relief under § 2254.

## Recommendation

The Court should **TRANSFER** Anthony's petition for writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit for appropriate action pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SO RECOMMENDED on March 25, 2024.

                                            REBECCA RUTHERFORD
                                            UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).